IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| STORMFIELD CAPITAL FUNDING I, LLC | : | |
| | : | |
| v. | : | Civil Action No. DKC 23-3244 |
| | : | |
| MONSTER INVESTMENTS, INC., et al. | : | |

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this breach of contract case is the combined motion for partial voluntary dismissal and entry of final judgment filed by Plaintiff Stormfield Capital Funding I, LLC ("Plaintiff"). (ECF No. 90). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the court will construe the motion as one to amend the complaint, grant it, and enter final judgment.

**I. Background**

The factual background is set out in full in the court's June 17, 2025, partial summary judgment opinion. (ECF No. 86, at 1-8). In relevant part, Plaintiff loaned $312,000 to Defendant Monster Investments ("Monster"), a portion of which was used to satisfy a deed of trust held by Dynasty LLC on a property owned by Monster as a tenant in common with Defendant KLAR, Inc. ("KLAR"). KLAR's joint ownership was not disclosed to Plaintiff. In

exchange, Defendant Donald I. Bernard ("Bernard"), Monster's president, sole shareholder, and sole director, executed a promissory note on behalf of Monster secured by a new deed of trust on Monster's property.  Bernard also executed a guaranty agreement with Plaintiff to assure repayment of Monster's obligations under the loan.  Monster then defaulted on the loan.

Plaintiff filed its corrected amended complaint on May 22, 2024, asserting nine counts: (1) reformation (Count I); (2) declaratory judgment of equitable subrogation (Count II); (3) declaratory judgment of equitable lien (Count III); (4) fraud/intentional misrepresentation (Count IV); (5) negligent misrepresentation (Count V); (6) unjust enrichment (Count VI); (7) constructive trust (Count VII); (8) breach of note and deed of trust (Count VIII); and (9) breach of guaranty agreement (Count IX). (ECF No. 45).  In October 2024, Plaintiff moved for partial summary judgment on Counts I, II, and IX.  (ECF No. 86, at 8). Defendants did not oppose the motion. (*Id.*).  On June 17, 2025, the court denied summary judgment on Count I, (*Id.* at 14), but granted summary judgment on Counts II and IX, (*Id.* at 16, 18).

On September 11, 2025, Plaintiff moved under Fed.R.Civ.P. 41(a)(2) to dismiss voluntarily Counts I and III-VIII; in other words, all the counts on which the court has not granted Plaintiff summary judgment.  (ECF No. 90, at 1).  Plaintiff also moved for

2

the entry of final judgment on Counts II and IX under Fed.R.Civ.P. 54(b).  Defendants again did not oppose the combined motion.

**II. Analysis**

"Because Rule 41 provides for the dismissal of *actions*, rather than *claims*, Rule 15 is technically the proper vehicle to accomplish a partial dismissal." *Skinner v. First Am. Bank of Va.*, 64 F.3d 659, 1995 WL 507264, at *2 (4th Cir. Aug. 28, 1995) (unpublished table decision) (citation modified).  "Courts thus treat motions to dismiss fewer than all the claims in a suit as motions to amend the complaint under Fed.R.Civ.P. 15(a)." *Adamson v. Metro. Life Ins. Co.*, No. 00-cv-1018-JFM, 2001 WL 111227, at *2 (D.Md. Feb. 6, 2001) (citing *Bragg v. Robertson*, 54 F.Supp.2d 653, 660 (S.D.W.Va. 1999)).[1]  Accordingly, the court will treat Plaintiff's motion to dismiss Counts I and III–VIII under Fed.R.Civ.P. 41(a)(2) as a motion to amend the complaint under Fed.R.Civ.P. 15(a)(2), seeking to delete those claims.

---

[1] A proposed amendment to Rule 41 is in the comment stage at present.  The amendment would expand the reach of Rule 41 to dismissal of claims, in addition to actions. Committee on Rules of Practice and Procedure of the Judicial Conference of the United States, Preliminary Draft of Proposed Amendments to the Federal Rules of Appellate, Bankruptcy, Civil, and Criminal Procedure, and the Federal Rules of Evidence 51–54 (2025), https://www.uscourts.gov/sites/default/files/document/preliminary-draft-of-proposed-amendments-to-federal-rules_august2025.pdf   [https://perma.cc/E3XK-6NXK].  If adopted, the amendment would go into effect on December 1, 2027.

Fed.R.Civ.P. 15(a)(2) explains that "court[s] should freely give leave [to amend] when justice so requires." The United States Court of Appeals for the Fourth Circuit has instructed that "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the party of the moving party, or the amendment would be futile." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  It is not prejudicial to Monster, Bernard, and KLAR to eliminate the remaining claims asserted against them, nor is there evidence that Plaintiff's desire to do so is grounded in bad faith.  Instead, Plaintiff appears motivated to begin enforcement of the judgment on Counts II and IX already obtained.  Finally, futility of amendment is inapposite here.  Therefore, the court grants Plaintiff's motion for leave to amend and considers the amendment effectuated.[2]  Only Counts II and IX remain.

---

[2] Plaintiffs move to dismiss Counts I and III-VIII without prejudice. (ECF No. 90, at 1). Amendment of the complaint coupled with entry of final judgment, however, has consequences. Although amendment is neither with nor without prejudice, the fact of final judgment on the only counts remaining will likely preclude any future litigation of Counts I and III-VIII, if the judgment on Counts II and IX remains intact. *See Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508 (2001) (holding, as a matter of federal common law, that the preclusive effect of the judgment of a federal diversity court is governed by the law of the state in which the federal court sits); *Anne Arundel Cnty. Bd. of Educ. v. Norville*, 390 Md. 93, 106-07 (2005) ("The doctrine of res judicata bars the relitigation of a claim if there is a final judgment in

Plaintiff moves for entry of final judgment under Fed.R.Civ.P. 54(b). (ECF No. 90, at 2). Fed.R.Civ.P. 54(b) authorizes the "entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Plaintiff proceeds under the incorrect rule. Because the court construes Plaintiff's complaint as amended to assert *only* Counts II and IX, an entry of final judgment on Counts II and IX does not satisfy Rule 54(b)'s requirement that the entry of final judgment be "as to . . . fewer than all[] claims." Instead, Plaintiff requests an entry of final judgment on *all* remaining claims. The proper rule, therefore, is Rule 58. Because the court has already entered judgment on Counts II and IX, (ECF No. 87), the court now directs that final judgment be entered on those same counts.

**III. Conclusion**

For the foregoing reasons, Plaintiff's combined motion for partial voluntary dismissal, construed as one to amend the complaint, and entry of judgment will be granted. A separate order will follow.

/s/<br>
DEBORAH K. CHASANOW<br>
United States District Judge

---

a previous litigation where the parties, the subject matter and causes of action are identical or substantially identical as to issues actually litigated and as to those which could have or should have been raised in the previous litigation.").

5